**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-03038-01-CR-S-MDH** |
| | ) | |
| **YEVGENIY DUDKO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

This matter came before the Court for a bench trial on March 17, 2025. The Government brought three counts against Defendant stemming from alleged violations of 18 U.S.C. §§ 2251(a), (e), and 2252(a)(2) and (b)(1). Upon careful review of the evidence as presented by the parties, the Court finds Defendant guilty and issues these findings of fact and conclusions of law pursuant to Fed. R. Crim. P. 23(c).

**I.      Stipulation of Facts (Doc. 49)**

Prior to the trial, the parties submitted a joint stipulation of facts between the Government and Defendant for Trial (Doc. 49) in which they set forth "the following facts for purposes of the trial in this matter" which are as follows:[1]

On March, 13, 2023, Greene County Sheriff's office (GCSO) Patrol Deputy T. Skinner received information from Missouri Division of Social Services – Children's Division Investigator Sarah Weter that a hotline report was received that alleged that an adult female had discovered a

---

[1] The parties had previously stipulated to the facts as reflected in the docket as document 49. However, the stipulation was also admitted without objection as Exhibit 1 during the bench trial.

photograph depicting child pornography, that is, a visual depiction of a minor less than 18 years of age engaged in sexually explicit conduct, on the Defendant, Yevgeniy Dudko's cellular phone.

On March 14, 2023, Homeland Security Investigations (HSI) Task Force Officer (TFO) Joseph Fletcher contacted the Defendant at his residence located in Springfield, Green County, Missouri, a location within the Western District of Missouri. TFO Fletcher asked the Defendant if he would be willing to accompany him to the GCSO for an interview, and the Defendant agreed to do so. Prior to being transported to the GCSO, the Defendant provided TFO Fletcher with his cellular phone, a black Samsung Galaxy S10 Plus. Once at the GCSO, in a post-*Miranda*, with the aid of a Russian interpreter, the Defendant reported that around June 20, 2022, he fondled the breast of Jane Doe 1 and then began masturbating his penis near Jane Doe 1's face. While doing this, the Defendant stated he took images and videos of the sexually explicit conduct on his Samsung cellular phone. Jane Doe 1 was identified as a 122-year-old minor female.

The Defendant reported that Joan Dudko, his wife, located the images and videos in his recently deleted folder on his cellular phone and confronted him. The Defendant then permanently deleted the images and videos. This interview was video and audio recorded.

The defendant gave TFO Fletcher consent to search his Samsung cellular phone. TFO Fletcher transferred the cellular phone to Springfield, Missouri, Police Department (SPD) Certified Forensic Analyst (CFA) Michael Costello. CFA Costello conducted the forensic analysis of the Defendant's cellular phone, which he identified as a Samsung Galaxy S10 Plus, Model SM0G975U, with Internation Mobile Equipment Identify number 352687102702840. CFA Costello, and business records from Samsung, confirm that the cellular phone was manufactured outside the state of Missouri, and outside the United States, thus it would have had to travel in both interstate and foreign commerce to come into the Defendant's possession.

2

While performing the forensic analysis of the defendant's cellular phone, CFA Costello located a secure folder that required a PIN code to access, and the forensic analysis tools were able to parse the data within the secure folder. CFA Costello located numerous files containing child pornography within the secure folder that depicted Jane Doe 1. CFA Cosstello also located child pornography images depicting Jane Doe 2, a five-year-old minor female.

TFO Fletcher revied the forensic report and observed there was approximately 1,000 images produced by the Defendant involving Jane Doe 1 and Jane Doe 2 that were child pornography. The images depicted Jane Doe 1 and 2 engaged in sexually explicit activity. TFO Fletcher also observed images of the Defendant's penis near, on, and inside of Jane Doe 1's mouth and Jane Doe 2's mouth. TFO Fletcher observed images of the defendant's hand penetrating Jane Doe 1's vagina.

There were date stamps present on some of the images between November 20, 2021, and September 17, 2022. Most of the visual depictions of child pornography of Jane Doe 1 and Jane Doe 2 were taken at the Defendant's residence in Greene County, Missouri. The child pornography images and videos created of Jane Doe 1 and Jane Doe 2 were produced using the Defendant's Samsung Galaxy S10 Plus cellular phone. These files are the visual depictions supporting Counts 1 and 2 of the indictment, that is, sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e). However, there were some files that contained child pornography of Jane Doe 1 that had been produced outside the state of Missouri, as well as videos and images depicting other minors, that was received by the Defendant on his cellular phone. These specific files are the visual depictions supporting Count 3 of the indictment, that is, receipt and distribution of child pornography. Examples of these depictions include minor children with their mouth on an adult breast and minor children nude in a bathtub. The contents of the Defendant's Samsung cellular

3

phone, and in particular the files depicting Jane Doe 1 and Jane Doe 2, are fully contained within extraction of the phone's data.

On March 29, 2023, TFO Fletcher applied for and received a federal search warrant for the Defendant's residence. TFO Fletcher and other members of HSI and the Southwest Missouri Cyber Crimes Task Force executed the search warrant on March 30, 2023. During the search they collected many items matching clothing and bedding depicted in the child pornography images containing Jane Doe 1 and Jane Doe 2 located on the Defendant's cellular phone.

In an interview with TFO Fletcher, Joan Dudko confirmed that Jane Doe 1 is a female who was born in 2010, and Jane Doe 2 is a female who was born in 2017. The birth certificates for Jane Doe 1 and Jane Doe 2 would further confirm their dates of birth. Mrs. Dudko reported she did locate a video of Jane Doe 1 and the Defendant on the Defendant's cellular phone that depicted the Defendant placing his penis inside Jane Doe 1's mouth. Mrs. Dudko said the video was in the "trash" section of the cellular phone. Mrs. Dudko reported that Jane Doe 1 had disclosed to her that the Defendant had been touching her inappropriately and trying to record the acts. Mrs. Dudko was able to identify Jane Doe 1 and Jane Doe 2 in the child pornography files located on the Defendant's cellular phone.

Jane Doe 1, if called to testify, would report that Defendant touched her breast, vagina, and mouth with his hand and penis. Jane Doe 1 would testify that the Defendant used his device to record and/or capture images of her while engaged in sexually explicit conduct. Jane Doe 1 would identify herself in the files located on the defendant's cellular phone.

Based upon these stipulated facts, before November 20, 2021, and through March 14, 2023 Jane Doe 1 would have been 12 years of age or younger and Jane Doe 2 would have been five years of age or younger. Starting on an unknown date, but as early as November 20, 2021, through

4

March 14, 2023, the Defendant employed and used both Jane Doe 1 and Jane Doe 2 to engage in sexually explicit conduct, and the Defendant did so to produce visual depictions of the sexually explicit conduct of Jane Doe 1 and Jane Doe 2. The Defendant produced the visual depictions using his Samsung Galaxy S10 Plus cellular phone, and said device used material that had been mailed, shipped or transported across state lines and/or foreign commerce.

Additionally, based upon the stipulate facts, the Defendant received visual depictions, that is video and/or image files, of minors less than 18 years of age engaged in sexually explicit conduct beginning on an unknown date, but as early as November 20, 2021, through March 14, 2023. The visual depictions were received and contained on the Defendant's Samsung Galaxy S10 Plus cellular phone, and said device used materials that had been mailed, shipped, or transported across state lines and/or foreign commerce. None of the visual depictions that support Count 3 are included in support of Counts 1 and/or 2 of the indictment.

## II.    Admitted Exhibits

The following evidence was offered and admitted without objection during the March 17, 2025, bench trial.

1.    Stipulation of Facts Between the Government and the Defendant for Trial (Doc. 49).

2.    Stipulation Between the Government and the Defendant for Trial.

3.    Curriculum Vitae of Southwest Missouri Cyber Crimes Task Force Senior Computer Forensic Analyst (CFA) Michael Costello.

4.    The Defendant's Samsung Galaxy S10 Plus cellular phone seized on March 14, 2023, by HIS TFO Jospeh Fletcher.

5.    A thumb Drive containing the full forensic extraction, Cellebrite examination report, of the Defendant's Samsung Galaxy S10 Plus cellular phone seized on March 14, 2023, by HIS TFO Joseph Fletcher.

5

6. An image depicting Jane Doe 1 with her eyes closed, laying down on a bed, with the Defendant's penis near her mouth extracted from Defendant's Samsung Galaxy S10 Plus cellular phone.

7. An image depicting Jane Doe 1's vulva with her underwear pulled back and the Defendant's penis near her labia majora extracted from the Defendant's Samsung Galaxy S10 Plus cellular phone.

8. An image depicting Jane Doe 2 with her eyes closed and the Defendant's penis in her mouth extracted from the Defendant's Samsung Galaxy S10 Plus cellular phone.

9. An image depicting Jane Doe 2 with her eyes closed and the Defendant's penis in her mouth extracted form the Defendant's Samsung Galaxy S10 Plus cellular phone.

10. An image depicting a nude three-year-old female in a bathtub extracted from the Defendant's Samsung Galaxy S10 Plus cellular phone.

11. An image depicting a nude three-year-old female in a bathtub with a nude adult female extracted form the Defendant's Samsung Galaxy S10 Plus cellular phone.

12. Certificate of Translation to Stipulation of Facts.

## FINDINGS

### I. Count I - Sexual Exploitation of Jane Doe 1

Based on the evidence presented the Court finds Defendant is guilty beyond a reasonable doubt of Count I - Sexual Exploitation of Jane Doe 1 in Violation of 18 U.S.C. §§ 2251(a) and (e). To be guilty of the crime of sexual exploitation of a child the Government must prove beyond a reasonable doubt that: (1) at the time alleged, Jane Doe 1 was under the age of eighteen years; (2) the Defendant knowingly employed, used, persuaded, induced, enticed, and coerced Jane Doe 1 to engaged in explicit conduct; (3) the defendant acted with the purpose of producing a visual depiction of such conduct; and (4) the defendant knew or had reason to know that such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. *See* 8th Cir. Crim. Jury Instr. § 6.18.2251(A).

6

The Court finds that Jane Doe 1 was a 12-year-old minor. The stipulated facts show that Jane Doe 1 was identified as a 12-year-old female. (Doc. 49, page 1). Further, Joan Dudko confirmed that Jane Doe 1 is a female who was born in 2010, and the stipulated facts show the birth certificates for Jane Doe 1 would confirm her date of birth. (Doc. 49, page 4). The evidence shows that the Defendant knowingly employed, used, persuaded, induced, enticed, and coerced Jane Doe 1 based upon the Defendant touching of Jane Doe 1's breast, vagina, and mouth with his hands and penis. This is evident by the stipulation of facts showing Defendant confessing that he fondled the breast of Jane Doe 1 and then began masturbating his penis near Jane Doe 1's face in a post-*Miranda* interview to TFO Fletcher. (Doc. 49, page 2). The stipulation of facts shows both Mrs. Dudko and Jane Doe 1 would testify that Defendant had been touching Jane Doe 1 inappropriately and trying to record the acts. (Doc. 49, page 4).

The Court finds that Defendant acted with the purpose of producing a visual depiction of such conduct. The stipulation of facts show that Mrs. Dudko found a video in the "trash" section of Defendant's cellular phone that depicted the Defendant placing his penis inside Jane Doe 1's mouth. (Doc. 49, page 4). This is also evident from admitted Exhibits 6 and 7 showing Jane Doe 1 with Defendant's penis in the photographs. The Court additionally finds that the Defendant knew or had reason to know that such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. It is stipulated that Defendant produced the visual depictions using his Samsung Galaxy S10 Plus cellular phone, with said device used materials that had been mailed, shipped, or transported across state lines and/or foreign commerce. (Doc. 49, page 2).

The Court finds Defendant Guilty of Count I – Sexual Exploitation of Jane Doe 1. The Government has satisfied its burden to prove the elements of sexual exploitation of a child beyond a reasonable doubt.

## II.     Count II - Sexual Exploitation of Jane Doe 2

Based on the evidence presented the Court finds Defendant is guilty beyond a reasonable doubt of Count II - Sexual Exploitation of Jane Doe 2 in Violation of 18 U.S.C. §§ 2251(a) and (e).

The Court finds that Jane Doe 2 was a 5-year-old minor as stipulated by the parties. (Doc. 49, page 3). Further Joan Dudko confirmed that Jane Doe 1 is a female who was born in 2017, and the stipulated facts show the birth certificate for Jane Doe 2 would confirm her date of birth. (Doc. 49, page 4). The evidence shows that the Defendant knowingly employed, used, persuaded, induced, enticed, and coerced Jane Doe 2 based upon the stipulation of facts showing Defendant's phone containing approximately 1,000 images produced by the Defendant involving Jane Doe 1 and Jane Doe 2. (Doc. 49, page 3) The pictures were takin at the Defendant's residence in Greene County and Ms. Dudko reported identifying Jane Doe 2 in the photographs of Defendant's phone. (Doc. 49, pages 2 and 4).

The Court finds that Defendant acted with the purpose of producing a visual depiction of such conduct. The stipulation of facts shows that TFO Fletcher observed approximately 1,000 images produced by the defendant involving Jane Doe 1 and Jane Doe 2 that were child pornography. (Doc. 49, page 3). These includes images of Defendant's penis near, on and inside of Jane Doe 2's mouth. *Id*. This is also evident admitted Exhibits 8 and 9 showing photographs of Defendant's penis in Jane Doe 2's mouth. The Court additionally finds that the Defendant knew or had reason to know that such visual depiction was produced using materials that had been

mailed, shipped, and transported in interstate and foreign commerce. It is stipulated that Defendant produced the visual depictions using his Samsung Galaxy S10 Plus cellular phone, with said device used materials that had been mailed, shipped, or transported across state lines and/or foreign commerce. (Doc. 49, page 2).

The Court finds Defendant Guilty of Count II – Sexual Exploitation of Jane Doe 2. The Government has satisfied its burden to prove the elements of sexual exploitation of a child beyond a reasonable doubt.

## III.    Count III - Receipt, Possession or Distribution of Material Containing Child Pornography

Based on the evidence presented the Court finds Defendant is guilty beyond a reasonable doubt of Count III – Receipt, Possession or Distribution of Material Containing Child Pornography. To be guilty of the crime of receipt, possession or distribution of material containing child pornography the Government must prove beyond a reasonable doubt that: (1) on or about November 20, 2021, and continuing through March 14, 2023 the defendant knowingly received and distributed videos and images that contained visual depictions of child pornography; (2) the defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct; and (3) that the material containing the visual depictions were produced using materials that had been mailed and shipped and transported in interstate or foreign commerce. *See* 8th Cir. Crim. Jury Instr. § 6.18.2252.

The Court finds that the Defendant knowingly received and distributed photographs that contained visual depictions of child pornography. The stipulation of facts shows TFO Fletcher reviewing the forensic report of Defendant's phone that contained video and images depicting other minors besides Jane Doe 1 and 2. (Doc. 49, page 3). It is evident that the Defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct based on the

description of the photographs and the security used to secure the folder containing the videos/images on his Samsung Galaxy S10 Plus cellular phone. The videos and images included minor children with their mouth on an adult breast and minor children nude in a bathtub. (Doc. 49, page 3). Defendant kept these visual depictions in a secure folder on his phone that required a PIN code to access. *Id*. The Court finds that the Defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct. The Court additionally finds that the Defendant knew that such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. It is stipulated that the visual depictions were received and contained on the Defendant's Samsung Galaxy S10 Plus Cellular phone, and said device used materials that had been mailed, shipped, or transported across state lines and/or foreign commerce. (Doc. 49, page 5).

The Court finds Defendant Guilty of Count III – Receipt, Possession or Distribution of Material Containing Child Pornography. The Government has satisfied its burden to prove the elements of sexual exploitation of a child beyond a reasonable doubt.

## JUDGMENT

Accordingly, for the reasons set forth herein and consistent with this Court's findings, the Court finds Defendant guilty beyond a reasonable doubt on Count I – Sexual Exploitation of Jane Doe 1, Count II – Sexual Exploitation of Jane Doe 2, and Count III - Receipt, Possession or Distribution of Material Containing Child Pornography.  Defendant will be sentenced at a later date.

**IT IS SO ORDERED.**

DATED:  March 20, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
